GEORGE H. HOLMES, trustee, *vs.* MARY W. HANCOCK & others.

Middlesex. January 31, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Trust — Heirs — Remainder — Statute.*

A testator by will gave property to a trustee to pay the income to a son for life, the principal at his decease to go to the son's heirs. Upon the son's death he left a widow, but no issue, and as only next of kin three children of a deceased sister. The fund in the trustee's possession, which was less than three thousand dollars, was made up of the proceeds of both real and personal estate of the testator. *Held*, that the whole fund went to the widow.

BILL IN EQUITY, filed July 15, 1892, by the plaintiff, as trustee under the will of Solomon Hancock. The bill alleged that the plaintiff had in his possession the sum of $2,608.80,

which he held in trust under the above will, to pay over the income from time to time on demand to said William T. Hancock during his natural life, "or, if said trustee shall deem it most to the benefit of those concerned, he may sell and convey said trust property by a good indefeasible conveyance, and put the proceeds on interest, and from time to time pay over said interest to said William T. Hancock during his natural life, and at the decease of said William T. Hancock said trustee or his successor shall pay over or deliver to the heirs of said William T. Hancock the principal, or said trust property or fund."

William T. Hancock died on February 14, 1892, leaving a widow, Mary W. Hancock, but no issue; and as only next of kin Edwin F. Hancock, John Hancock, and Charles A. Hancock, children of Ann Susan Hancock, a deceased sister. The fund in the trustee's possession was $2,608.80, which was made up of the proceeds of both real and personal estate of the testator. Mary W. Hancock contended that she was the only heir at law of the deceased, and the children of Ann Susan Hancock contended that they were his sole heirs at law.

The case was heard by *Lathrop*, J., and, at the request of both parties, was reserved by him for the consideration of the full court.

*J. E. Farnham*, for the widow.

*E. H. Jose*, for the next of kin.

ALLEN, J. The fund in question is only $2,608.80, and if it is to go as real estate of William T. Hancock would go in case of intestacy, his widow would be entitled to the whole of it, since he left no issue living. Pub. Sts. c. 124, § 3. If, on the other hand, it is to go as personal estate would go, she would still be entitled to the whole of it. Pub. Sts. c. 135, § 3, cl. 5. Upon any construction of the phrase "heirs of said William T. Hancock," the whole fund would go to the widow. *Proctor* v. *Clark*, 154 Mass. 45, 49.

*Decree accordingly.*